UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                   NO: 05-96

CARL ANTHONY JACKSON                     SECTION: J(5)

## ORDER AND REASONS

This matter is before the Court on Defendant's **Motion to Amend Presentence Investigation Report, or, Alternatively, for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines.**

### BACKGROUND FACTS AND PROCEDURAL HISTORY

On January 4, 2006, and pursuant to the terms of a written plea agreement, Defendant Carl Anthony pled guilty to one count of possessing 5 grams or more of cocaine base ("crack") with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On On June 7, 2006, the Court sentenced Defendant to a prison term of 132 months, to be followed by 5 years of supervised release.

On November 15, 2011, the Court received a letter from Defendant requesting that certain information be deleted from his presentence investigation report, in order that he be allowed to benefit from the Fair Sentencing Act and Amendment 750 to the United States Sentencing Guidelines. The Court will construe Defendant's letter as a motion to amend his presentence investigation report ("PSIR"), or in the alternative, as a motion for reduction in sentence pursuant to the Fair Sentencing Act, 18

U.S.C. § 3582(c)(2), and Amendment 750 to the United States Sentencing Guidelines.

**LEGAL STANDARD AND DISCUSSION**

To the extent that Defendant seeks to amend the terms of his PSIR, such a motion is untimely. Pursuant to Rule 35(f)(1) of the Federal Rules of Criminal Procedure, a party must file any objection to the contents of his PSIR in writing and within 14 days of the date he receives a copy of such. Thereafter, a court may only allow new objections upon a showing of "good cause," and only up until the time that sentence is imposed. FED. R. CRIM. P. R. 32(i)(1)(D). Here, Defendant was provided a copy of his PSIR prior to his sentencing hearing on June 7, 2006 but filed no written objections thereto prior to his sentencing hearing. Accordingly, the contents of Defendant's PSIR is no longer subject to revision. See U.S. v. Moore, 414 Fed. App'x. 862, 863 (7th Cir. 2011); FED. R. CRIM. P. R. 32(i)(3)(A)("At sentencing, the court may accept any undisputed portion of the presentence report as a finding of fact.").

To the extent that Defendant seeks a reduction in sentence pursuant to the Fair Sentencing Act, Fair Sentencing Act, 18 U.S.C. § 3582(c)(2), and Amendment 750 to the United States Sentencing Guidelines, Defendant is ineligible for such. Defendant was sentenced as a career offender based upon his prior

2

convictions for simple robbery and distribution of cocaine.[1]
"The crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders."  United States v. Anderson, 591 F.3d 789, 791 (5th Cir. 2009).  In fact, this Court has previously held that Defendant was not entitled to a reduced sentence for precisely the same reason in May 2008.[2]  Accordingly, Defendant is ineligible for a reduced sentence at the present time.

**IT IS ORDERED** that Defendant's **Motion to Amend Presentence Investigation Report, or Alternatively, for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines** is hereby **DENIED**.

New Orleans, Louisiana, this 7th day of February, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).

[2] See Rec. Doc. 40.